PROCTOR *v.* GRAND TRUNK WESTERN RAILROAD CO.

1. Appeal and Error—Directed Verdict—Evidence.

On appeal from verdict directed for defendant at close of plaintiff's proofs, evidence is viewed in light most favorable to plaintiff.

2. Railroads—Crossing Accident—Directed Verdict—Evidence.

In actions by administrator of estates of three decedents killed in his automobile at railroad crossing, directed verdicts for defendant at close of plaintiff's proofs *held,* correct under evidence showing, among other facts, that driver was blind in right eye, stopped car 40 feet from track on which train approached from right and, neither seeing nor hearing train approach, proceeded on downward incline to track at speed of 10 to 15 miles per hour and saw nothing of train until car began crossing track on which train approached, there being no testimony that view was obstructed within 25 feet of crossing.

3. Same—Crossing—Observations.

It is the duty of one who is about to cross a railroad track to first make careful observations.

4. Same—Automobiles—Contributory Negligence.

In cases arising from railroad crossing accident, evidence *held,* to show motorist so failed to make sufficiently careful observations before entering on track upon which car was struck as to be guilty of contributory negligence as a matter of law.

5. Automobiles—Contributory Negligence Imputed to Guest Passengers.

There can be no recovery in action by administrator of estate of deceased person who was a guest passenger of motorist guilty of contributory negligence proximately causing railroad crossing accident.

Appeal from Lapeer; Simpson (John), J., presiding. Submitted October 11, 1935. (Docket No. 62, Calendar No. 37,976.) Decided December 10, 1935.

Three separate actions of case by Arthur Proctor as administrator of the estates of Minnie Siple, Frank Siple and Emma Proctor, deceased, against the Grand Trunk Western Railroad Company for personal injuries sustained in a collision with defendant's train causing death of plaintiff's decedents. Cases consolidated for trial and appeal. Directed verdicts and judgments for defendant. Plaintiff appeals. Affirmed.

*Paterson & Paterson* (*George W. DesJardins,* of counsel), for plaintiff.

*H. V. Spike* and *William W. MacPherson,* for defendant.

· BUTZEL, J. On the night of December 8, 1933, Arthur Proctor drove his 1928 model A Ford car in returning from Detroit to his farm in Sanilac county, Michigan. He was accompanied by Minnie Siple, Frank Siple and Emma Proctor. It was a dark and cloudy night, but there was neither snow nor ice on the improved gravel county road near Almont, Michigan, over which the party drove as they approached the Grand Trunk Western Railroad double tracks running east and west and crossing the road at right angles. Regarding Proctor's testimony in the most favorable light, the motor was quiet when he stopped his car 25 feet from the most southerly tracks and 40 feet from the northerly tracks where the party met with disaster. After waiting 10 or 15 seconds and not hearing the sound of a train or a bell or whistle, he started his car in second speed, driving on a downward incline at a rate of speed of 10 to 15 miles an hour. After passing the first tracks, the car began crossing the second

ones, when Proctor first noticed defendant's train approaching. He saw a small white light, a little larger than a parking light used on the cowl of an automobile, located on the side of the locomotive cabin, but he saw no headlight. The train bore down on the car with very great force. Proctor's three fellow passengers were killed. He testified that from the time he first stopped, and then proceeded towards the crossing, he continued to observe conditions. This general statement must be considered with the particulars of what he testified he actually did or did not do and the further details developed by his testimony. The road leading to the railroad tracks was cut on a grade with an embankment slanting on both sides of the road and about 7 feet in height at a distance of from 40 to 60 rods back of the crossing and from there on the embankment as well as the road gradually slopes to the tracks, but there is no testimony that there was any embankment within 25 feet of the crossing, shutting off the view from the road to the tracks. The car, however, went down an incline to reach the railroad crossing. Proctor states that from where he stopped and looked in both directions, he could see the rails for only 20 feet on either side on account of the narrow beam of light which his headlights threw. Frank Siple, who was seated beside plaintiff, also looked when the car stopped while Proctor grabbed the steering wheel, pulled himself up and looked again to be sure that there was no sign of a train. Proctor, however, was blind in the right eye and the train of defendant was approaching from the right. His vision to the right necessarily must have been very much cut off on account of his physical defect. Looking straight ahead with only the left eye, he would not have been able to see a distant object

coming from the right on the railroad track. He further testified that he could have stopped the automobile in two or three feet and that if he had stopped just before entering on the track the accident would have been prevented. Instead of stopping his car just before entering on the tracks, as he should have done and particularly so on account of his limited vision, he accelerated his speed and was going from 10 to 15 miles an hour when the collision occurred.

Proctor was appointed administrator of the estates of his three passengers and, in that capacity, brought the three instant suits which were consolidated and heard as one. At the close of the testimony on behalf of the plaintiff, the judge directed verdicts in favor of the defendant, holding that the plaintiff was guilty of contributory negligence as a matter of law. We believe that the decision of the lower court was correct. It is the duty of one who is about to cross a railroad track to first make careful observations. *Richman* v. *Railway Co.*, 254 Mich. 607, 611; *Sanford* v. *Railway Co.*, 190 Mich. 390, 402. Although plaintiff claims that he made careful observations, his testimony contradicts this statement or rather conclusion. Under the conditions that present themselves, it was Proctor's duty either to come to a full stop or slow up his car so that he could look carefully at all times in both directions and bring his car to a stop on the slightest sign of danger. Plaintiff testified:

"*Q.* If you had stopped your automobile on the first track and there looked and listened you undoubtedly would have heard the train before you ventured onto it, wouldn't you, on the second track?

"*A.* Well, it seems that I would.

"*Q.* Sure.

"*A.* If I had stopped on the first track."

We have frequently commented upon the fact that railroads must speed over their right of way and that while they must give warning of their approach by proper signals, the public on the other hand are also obliged to observe certain safety rules and in default thereof, will be guilty of contributory negligence in case an accident occurs.  Under the particular facts in this case, plaintiff cannot be said to have made a careful observation before entering the track on which the car was struck.  As the contributory negligence of the driver is imputable to his guests, there can be no recovery.

The judgment in favor of defendant is affirmed, with costs.

Potter, C. J., and North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.

The late Justice Nelson Sharpe took no part in this decision.